*New York v. Niagara-Wheatfield Central School District*, **No. 22-2178-cv**

JOSÉ A. CABRANES, Circuit Judge, concurring *dubitante*:

States ordinarily cannot prosecute lawsuits on behalf of their citizens. And for good reason: Article III's requirement that plaintiffs have a "personal stake in the case"[1] prevents States from picking and choosing certain parties behind whom to throw their weight in court. Under the doctrine of *parens patriae*, however, a State may under certain circumstances assert a "quasi-sovereign" interest on behalf of a "sufficiently substantial segment of its population."[2] But this doesn't change the fact that "[i]nterests of private parties are obviously not in themselves sovereign interests, and they do not become such simply by virtue of the State's aiding in their achievement."[3] In other words, *parens patriae* standing is the exception, not the rule.

The last Supreme Court case to directly address *parens patriae* requirements—*Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*—dates to 1982. It is common ground that a State must assert a "quasi-sovereign interest" for *parens patriae* standing. But what such an interest may be, and how it is to be evaluated, is controversial. The *Snapp* Court declined to provide a definition, instead opting for the concept to be elucidated on a case-by-case basis.[4]

This I-know-it-when-I-see-it approach[5] is an invitation to confusion, and it should be no surprise that it has indeed sown some confusion among the Courts

---

[1] U.S. CONST. art. III, § 2; *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quotation marks omitted).

[2] *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*, 458 U.S. 592, 607 (1982).

[3] *Id.* at 602.

[4] *See id.* at 601-02 ("[A] 'quasi-sovereign' interest . . . is a judicial construct that does not lend itself to a simple or exact definition. . . . The vagueness of this concept can only be filled in by turning to individual cases.").

[5] Famously enunciated by Justice Potter Stewart in an obscenity case of 1964. *See Jacobellis v. Ohio*, 378 U.S. 184, 197 (1964) (Stewart, *J.*, concurring).

of Appeals. Some consider a quasi-sovereign interest sufficient to confer *parens patriae* standing, and treat the other factors noted by the *Snapp* Court as considerations informing whether such an interest exists.[6] Others require a quasi-sovereign interest in addition to the other factors, which they regard as independent prongs of a multi-factor test.[7] Still others, including our own, have introduced considerations not set forth in *Snapp*.[8] Granting certiorari would provide an opportunity to clarify the contours of this important but perplexing area of the law.

The doctrinal muddle has real consequences. Relaxing *parens patriae* standing requirements allows States to bring headline-grabbing suits ostensibly on behalf of their citizens but without satisfying the "additional hurdle" of *parens patriae* standing.[9] This prejudices parties who must now face off not only against their

---

[6] *Broselow v. Fisher*, 319 F.3d 605, 609 (3d Cir. 2003); *AU Optronics Corp. v. South Carolina*, 699 F.3d 385, 388 n.5 (4th Cir. 2012); *Harrison v. Jefferson Par. Sch. Bd.*, 78 F.4th 765, 772 (5th Cir. 2023); *Chapman v. Tristar Prods., Inc.*, 940 F.3d 299, 305 (6th Cir. 2019); *Lynch v. Nat'l Prescription Adm'rs, Inc.*, 787 F.3d 868, 873 (8th Cir. 2015); *State ex rel. Sullivan v. Lujan*, 969 F.2d 877, 883 (10th Cir. 1992).

[7] *See Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011) (three *parens patriae* requirements: "the sovereign [must] allege[] injury to a sufficiently substantial segment of its population, articulate[] an interest apart from the interests of particular private parties, and express[] a quasi-sovereign interest"); *see also Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 651 n.1 (9th Cir. 2017) ("It is unclear whether 'substantial segment of the population' and 'interest apart from the interest of particular private parties' are separate elements of standing.").

[8] *See People by Abrams v. 11 Cornwell Co.*, 695 F.2d 34, 40 (2d Cir. 1982) ("*Parens patriae* standing also requires a finding that individuals could not obtain complete relief through a private suit."), *vacated in part on other grounds*, 718 F.2d 22 (2d Cir. 1983); *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 652 (9th Cir. 2017) (same). This is arguably not the only problem with *11 Cornwell*, which in relevant part relies on little beyond a controversial law review article to distort our *parens patriae* injury analysis. *See 11 Cornwell*, 695 F.2d at 39 (citing Herbert Wechsler, *Toward Neutral Principles of Constitutional Law*, 73 HARV. L. REV. 1, 33-34 (1959)).

[9] *Massachusetts v. EPA*, 549 U.S. 497, 538 (2007) (Roberts, *C.J.*, dissenting).

rightful opponent, but also the formidable legal machinery of a State. And it encourages States to sue rather than act through their other powers. This case is illustrative. New York alleges deliberate indifference and negligent supervision against Niagara-Wheatfield Central School District—a district of six schools and more than three thousand students—on the basis of four unrelated incidents across different schools, years, and grades.[10] This is a quintessential instance of a State having no "interest apart from the interests of particular private parties" and thus no quasi-sovereign interest.[11] Allowing the State to insert itself would usurp "the autonomy of those who are most directly affected," to "decide whether and how to challenge the defendant's action."[12] I agree with the experienced Magistrate Judge (Leslie G. Foschio, *Magistrate Judge*) and District Judge (John L. Sinatra, *Judge*) that New York lacks *parens patriae* standing. But I cannot be confident in this conclusion because the standard is uncertain. So I concur *dubitante*, because I believe that our confused *parens patriae* case law warrants clarification or correction by the Supreme Court.

---

[10] JA11-18. The Complaint also mentions that the District saw "at least thirty incidents of sexual assault, harassment, or gender-based bullying in the last few years." JA19. Without any supporting details, however, this allegation does not establish a cognizable legal claim against the District, much less *parens patriae* standing for the State. Relatedly, it is unclear whether the State has alleged a plausible Title IX claim for deliberate indifference in light of the incidents' dissimilarities and the high standard for deliberate indifference set forth in *Davis v. Monroe County Board of Education*, 526 U.S. 629 (1999). Neither my colleagues nor I take a position on this question, however, leaving the District Court to consider the merits on remand.

[11] *Snapp*, 458 U.S. at 602; *accord Harrison v. Jefferson Par. Sch. Bd.*, 78 F.4th 765, 773 (5th Cir. 2023) (rejecting *parens patriae* standing for Louisiana, whose asserted interest in a discrimination suit against a school district was "wholly derivative of the interests of [the district's] students").

[12] *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 379-80 (2024) (quotation marks omitted).